**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                  CASE NO. 3:13-cv-344-J-34TEM

STACEY L. ALLEN,

    Defendant.

_____

### REPORT AND RECOMMENDATION[1]

This case is before the Court on the Motion for Entry of Default Judgment (Doc. 9), filed May 9, 2013.[2] The motion was referred to the undersigned upon filing. Although given adequate time to do so, Defendant has failed to file a response to the Motion or otherwise appear in this action.

### I. Background

On March 29, 2013, the United States filed a complaint against Defendant Stacey L. Allen. The complaint alleges Defendant has failed to repay a debt owed to the United States in the amount of $4,593.83 (Doc. 1). On May 1, 2013, Plaintiff moved for entry of Clerk's default because Defendant failed to timely respond to the Complaint or otherwise appear in this action (Doc. 7). The Clerk entered default against Defendant on May 2, 2013

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to file a timely objection waives a party's right to a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] Plaintiff certifies that a copy of the Motion was mailed to Defendant on December 4, 2012 (Doc. 9 at 3).

(Doc. 8). Thereafter, on May 9, 2013, the instant motion was filed. Plaintiff seeks to reduce Defendant's defaulted student loan debt to judgment.

## II. Applicable Law

Rule 55 of the Federal Rules of Civil Procedure provides the requirements for entry of a default judgment. See Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default. *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005). However, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

## III. Discussion

The Court has subject matter jurisdiction over this case because it is a civil action commenced by the United States.[4] 28 U.S.C. § 1345. The Court must now ensure that

---

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] Pursuant to the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C.A. app. § 521 (West 2012), the Court has to determine whether the defaulted individual defendant is, or recently was, in military service. If the plaintiff has not already done so, the Court must order the plaintiff to file an affidavit on this issue. 50 U.S.C.A. app. § 521. If the defendant does not appear to be in military service, then the SCRA is satisfied and, assuming there are no other issues, default judgment may be entered. *Id.* If it appears that the defendant is in military service, the SCRA provides protection against entry of a default judgment. *Id.*
(continued...)

Plaintiff has a valid cause of action.

In the Complaint, the United States asserts Defendant is in default on her obligation to pay $2,289.32, with interest accruing on the principal balance at a rate of 5.01% per annum or $0.31 per day (Doc. 1).[5]  Attached to the Complaint is a Certificate of Indebtedness, sworn under oath by a representative of the United States Department of Education (Doc. 1-1).  The Certificate states Defendant executed promissory notes for a loans under the William D. Ford Federal Direct Loan Program pursuant to Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq*.  The affiant represents that on April 19, 1996 and May 29, 1996, loans in the amount of $1,750 and $510 were disbursed to Defendant and, on February 23, 1997, Defendant defaulted on the loan obligation.  Pursuant to 34 C.F.R. § 685.202(b), a total of $29.32 in unpaid interest was capitalized and added to the principal balance.

In its Motion, Plaintiff seeks $2,289.32 in unpaid principal; $2,345.98 in accrued interest at the rate of 5.01% through May 8, 2013; prejudgment interest accruing on the principal amount at the rate of 5.01% per annum or $0.31 per day beginning on May 9, 2013 through the date judgment is entered;[6] post-judgment interest accruing from the date

---

[4](...continued)
Plaintiff has attached a Declaration to the Motion which convinces the undersigned that Defendant is not protected by the SCRA (Doc. 9 at 6).

[5] In the Motion, Plaintiff asserts there is $2,345.98 in accrued interest at a rate of 5.01% through May 8, 2013 (Doc. 9 at 2).

[6] Although the Certificate of Indebtedness indicates that after June 30, 2009, the rate of interest would be governed by the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087(e), in the Motion for Entry of Default Judgment, Plaintiff only seeks the rate previously set forth (Doc. 9 at 2).

the judgment is entered at the legal rate until the debt is paid in full; and other such relief as may be warranted.

For the Court to enter judgment in favor of the United States, the United States must prove: (1) Defendant executed the note; (2) the United States is the present holder of the note; and (3) the note is in default. *United States v. Hickey*, No. 6:11-cv-1608-Orl-28KRS, 2012 WL 933229, at *2 (M.D. Fla. Feb. 27, 2012) (citing *United States v. Mendoza*, No. C-06-171, 2007 WL 677268, at *1 (S.D. Tex. Mar. 1, 2007)), *adopted at* 2012 WL 933206 (Mar. 20, 2012). Upon review of the allegations made in the Complaint, the undersigned finds Plaintiff has properly stated a valid cause of action, and Plaintiff is entitled to entry of a default judgment.

The well-pleaded factual allegations made in Plaintiff's Complaint are deemed admitted by Defendant by virtue of the Clerk's entry of default. However, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing 10A C. Wright, A Miller & M. Kane, Federal Practice & Procedure § 2688 at 58-59 (3d ed. 1998)). Thus, even where a default judgment is warranted, the Court may first hold a hearing for the purposes of assessing damages. Fed.R.Civ.P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, such a hearing is not necessary if the record contains sufficient evidence to support the request for damages. *Id.* Here, the undersigned finds that a hearing is unnecessary because the essential evidence relating to damages is before the Court. The Complaint, the Certificate of Indebtedness and the Declaration establish that

Defendant owes Plaintiff the following:

| | |
|---|---|
| Principal: | $2,289.32 |
| Interest as of May 8, 2013: | $2,345.98 |
| Costs and Administrative Charges: | $558.53 |
| Total: | $5,193.83 |

Plaintiff is also entitled to prejudgment interest accruing on the total principal amount at the rate of 5.01% per annum (or $0.31 per day) beginning on May 9, 2013 through the date judgment is entered, plus post-judgment interest accruing from the date the judgment is entered at the legal rate established by 28 U.S.C. § 1961.

### IV. Conclusion

Thus, upon due consideration, it is hereby respectfully **RECOMMENDED:**

1. Plaintiff's Motion for Entry of Default Judgment (Doc. 9) be **GRANTED**.

2. The Clerk of the Court be directed to enter judgment in favor of Plaintiff and against Defendant in the following amounts:

    a.    $2,289.32 in principal;

    b.    $2,345.98 in prejudgment interest as of May 8, 2013;

    c.    $558.53 in costs and administrative charges;

    d.    Prejudgment interest accruing on the total principal amount at the rate of 5.01% per annum (or $0.31 per day) beginning on May 9, 2013 through the date judgment is entered; and

    e.    Post-judgment interest accruing from the date the judgment is entered at the legal rate established by 28 U.S.C. § 1961.

3. The Clerk of the Court be further directed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, this 29<u>th</u> day of May, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:

Hon. Marcia Morales Howard

Counsel of Record

Stacey L. Allen
5344 Julington Ridge Drive South
Jacksonville, FL 32258